UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:22-cr-216 JMB |
| JORGE MARIN-GOMEZ, Defendant. | ) ) ) ) ) |

**GUILTY PLEA AGREEMENT**

Come now the parties and hereby agree, as follows:

**1. PARTIES:**

The parties are the defendant JORGE MARIN-GOMEZ represented by defense counsel Curt Poore, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

**2. GUILTY PLEA:**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to the Information, the United States agrees that no further federal prosecution will be brought in this District relative to the defendant's illegal employment of unauthorized aliens and false statements to obtain H-2A visa works from November 2018-

1

October 2018, of which the Government is aware at this time. The parties jointly recommend a sentence of time served.

## 3. ELEMENTS:

As to the charge, the defendant admits to knowingly violating Title 8, United States Code, Section 1324a(a)(1)(A), a misdemeanor, and admits there is a factual basis for the plea and further fully understand that the elements of the crime are:

One,   Mr. Marin-Gomez hired an alien for employment;

Two,   Mr. Marin-Gomez knew at the time of the hiring that the alien was an unauthorized alien with respect to such employment; and

Three, Mr. Marin-Gomez engaged in a pattern or practice of such employment.

## 4. FACTS:

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

During the times in the Information, Marin-Gomez owned the Marin J. Corporation, which harvested watermelons and cotton at the Tyler Harris Farm located in Southeastern Missouri. During the times relevant to the Information, Marin-Gomez was the son of Marin-Perez and was the primary operator of Marin Corp. Although Marin-Gomez was in charge of the H2A daily operations, including the H-2A Application for Temporary Employment Certification (Form ETA 9142A) process, Marin-Perez was involved in the oversight and final decision making of all H2A daily operations. During the growing season (approximately May through

October) of 2018, the defendants employed H2A migrant workers from Mexico on a seasonal basis.

Beginning in 2017, Marin Corp. violated the terms and conditions outlined in the H2A visa petition documents for employing H2A migrant workers. From November 17, 2017 through October 20, 2018, Marin Corp., with the direct knowledge and approval of Marin-Perez and Marin-Gomez, submitted approximately six visa applications for foreign labor for H2A migrant workers to be employed in the state of Florida. In accord with the approved applications, H2A migrant workers made entry into the United States (U.S.) on valid visas for employment in Avon Park, Florida, for Citrus and Blueberry Hand Harvesting and Watermelon Harvesting in Newberry, Florida. However, when the workers made entry into the United States, Marin J. Corp., with the direct knowledge and approval of Marin-Perez and Marin-Gomez, relocated many of the workers to Kennett, Missouri (MO) in violation of the terms outlined on the visa applications submitted to both the U.S. DOL-ETA and U.S. DHS-CIS. Marin J. Corp., Marin-Perez, and Marin-Gomez knew that the location listed in the H2A visa applications was pertinent to the Government approval of the applications. Marin J. Corp., Marin-Perez, and Marin-Gomez also knew at the time of hiring the migrant workers that they would be reassigned from the locations listed in the H2A visas to Kennett, Missouri.

For an example, on or about January 10, 2018, Marin J. Corp., with the knowledge and approval of Marin-Perez and Marin-Gomez, submitted via USPS to the U.S. DHS-CIS, an I-129 Petition of Nonimmigrant Worker requesting 75 workers to be employed for Citrus and Blueberry Hand Harvesting in Avon Park, Florida for the period of January 16, 2018 through June 1, 2018. The I-29 Petition was signed by Marin-Gomez. The I-129 petition was approved

3

on January 16, 2018. However, approximately forty aliens who made entry into the United States on this petition were ultimately employed in Kennett, Missouri instead of Avon Park, Florida.

During the timeframe of the Information, Marin Corp., with the knowledge and approval of Marin-Perez and Marin-Gomez, hired approximately 104 unauthorized aliens using the method and procedures described above.

## 5. STATUTORY PENALTIES:

The defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment of not more than six (6) months, a fine of not more than $3,000 per alien involved, or both such imprisonment and fine. The Court may also impose a period of supervised release of not more than one (1) year.

## 6. U.S. SENTENCING GUIDELINES (2021 MANUAL):

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the applicable U.S. Sentencing Guidelines Total Offense Level provisions.

**a. Chapter 2 Offense Conduct:**

**(1) Base Offense Level:** The parties agree that the base offense level is six (6) as found in Section 2X5.2.

**(2) Specific Offense Characteristics:** N/A

**b. Chapter 3 Adjustments:**

**(1) Acceptance of Responsibility:** The parties agree that two levels should be deducted pursuant to Section 3E1.1(a) because the defendant has clearly demonstrated acceptance of responsibility. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

c. **Estimated Total Offense Level:** The parties estimate that the Total Offense Level is four (4).

e. **Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

f. **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

## 7. WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:

**a. Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(1) Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery, the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

**(2) Sentencing Issues:** In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant within or above that range.

**b. Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c. Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records

pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8. OTHER:**

    **a. Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

    **b. Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

    **c. Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. These conditions will be restrictions on the defendant to which the defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished

    **d. Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $25 per count for a total of $25, which the defendant agrees to pay at the time of sentencing. Money paid by the

defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**e. Possibility of Detention:** The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**f. Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c). Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss. Although, the defendant agrees to provide full restitution to all victims of all charges in the indictment, the parties agree that restitution in this matter is due and owing from co-defendant Marin J. Corporation. The restitution owed by Marin J. Corporation is not an obligation that is joint and severable with this defendant.

**g. Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees to abandon [his/her] interest in all seized items and further agrees that said items may be disposed of or destroyed by law enforcement officials in any manner without further notice. By abandoning these items, the defendant waives any future rights to receive additional notice, a valuation of the items, or the

opportunity to submit a claim to contest the disposition or destruction of the items that may exist under any policies or procedures of the seizing agency(ies).

## 9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has

completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

The guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

## 10. **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT**:

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

## 11. **CONSEQUENCES OF POST-PLEA MISCONDUCT**:

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any condition of release that results in revocation, violates any term of this guilty plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its

option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12. NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

6/9/22
Date

DIANNA R. COLLINS
Assistant United States Attorney

6/9/22
Date

JORGE MARIN-GOMEZ
Defendant

6/9/22
Date

CURT POORE
Attorney for Defendant